*Formatted for Electronic Distribution*                                                                                                      *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

**In re:**

**LARNEY MALCOLM MCGRATH and**  
**ANN MARIE-RILEY MCGRATH,**  
                **Debtors.**

**Chapter 7 Case**  
**# 04-10606**

**VERMONT FEDERAL CREDIT UNION,**  
                **Plaintiff,**

v.

**LARNEY MALCOLM MCGRATH and**  
**ANN MARIE-RILEY MCGRATH,**  
                **Defendants.**

Filed & Entered  
On Docket  
04/29/05

**Adversary Proceeding**  
**# 04-1053**

*Appearances:*     *Michael D. Johnson, Esq.*            *Anthony R. Duprey, Esq.*  
                   *Johnson & Finnigan, LLP*            *Neuse, Smith & Venman, PC*  
                   *South Burlington, Vt.*                *Middlebury, Vt.*  
                   *For the Plaintiff*                     *For the Debtors-Defendants*

### MEMORANDUM OF DECISION
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      Plaintiff Vermont Federal Credit Union ("VFCU") initiated the instant adversary proceeding ostensibly objecting to the dischargeability of the debt that Larney Malcolm McGrath and Ann Marie-Riley McGrath (the "Defendants" and collectively with VFCU, the "Parties") owe to VFCU, and seeking a determination that it is a secured creditor in the Defendants' chapter 7 bankruptcy case. However, although VFCU's complaint is captioned as a complaint objecting to the discharge of its debt, there are no allegations or prayers for relief under § 523;[1] rather, the complaint focuses entirely on why VFCU is entitled to be treated as a secured creditor in this case. Therefore, the Court treats the complaint as an action seeking a declaratory judgment as to secured status under § 506. The Parties have filed cross-motions for summary judgment. The Defendants assert that VFCU intentionally violated the automatic stay when it took steps to perfect its security interest post-petition.[2] After a review of the pleadings, the relevant statutes and case law, the Court holds that as of the petition date VFCU was an unsecured creditor, that VFCU's post-petition actions to secure the subject debt constitute a wilful violation of the automatic stay, and that an award of actual damages under § 362(h) is warranted under the circumstances.

---

[1] Unless otherwise indicated, all statutory references herein are to the United States Bankruptcy Code.  
[2] Although the Defendants do not raise a violation of the automatic stay in their answer, VFCU has neither responded nor objected to the request for this relief in the Defendants' motion for summary judgment.

The Defendants' motion for summary judgment includes a request for both nominal and punitive damages. Since the Court finds there are genuine issues of material fact with regard to whether VFCU acted in bad faith or with the requisite malice to warrant the imposition of punitive damages, and with regard to whether there is actually a cloud on the Defendants' title, the Court will hold a hearing on these issues.

## JURISDICTION

The Court has jurisdiction over these motions for summary judgment under 28 U.S.C. §§ 157(b)(2)(B),(C), and (K).

## BACKGROUND FACTS

The pertinent facts are not in dispute. The Defendants are members of VFCU. On March 3, 2003, the Defendants applied for a loan from VFCU to refinance an existing auto loan secured by the Defendants' 1997 GMC pickup truck (the "Truck"). VFCU granted the loan and intended to take a lien on the Truck to secure the new loan. However, in error, VFCU forwarded the Truck title that had been executed to include a release of the first lien on the Truck to the Defendants on April 14, 2003. The Defendants therefore came into possession of a "clean" title through no action of their own. VFCU took no steps to reinstate the prior lien or perfect a new the lien against the Truck prior to the date the Defendants filed for bankruptcy relief.

On April 29, 2004 (the "Petition Date"), the Defendants filed a chapter 7 petition with this Court. The Defendants listed VFCU on their Schedule F as a general unsecured creditor. Thereafter, in May 2004, and without court approval, VFCU filed an Affidavit of Loss of Certificate of Title and Application for Duplicate with the State of Vermont Department of Motor Vehicles. Although VFCU admits the title was not "lost," it also acknowledges that it submitted an affidavit alleging a loss when it requested a duplicate title. See Affidavit of Michael Monette, ¶ 6 and Exhibit B. The State of Vermont granted VFCU's request and issued a duplicate title identifying VFCU as the lienholder on the Truck. See Affidavit of Michael Monette, Exhibit C.

On July 30, 2004, VFCU initiated this adversary proceeding disputing the Defendants' classification of the VFCU claim as unsecured and seeking an order excepting the VFCU debt from discharge. On February 15, 2005, the Defendants filed a motion for summary judgment and a request for sanctions against VFCU for violating the automatic stay (doc. # 15). On February 18, 2005, VFCU filed a motion for summary judgment claiming that it still holds a lien on the Truck and accordingly, their claim should be treated as secured (doc. # 16).[3]

---

[3] Raymond J. Obuchowski, in his capacity as chapter 7 Trustee (the "Trustee"), has since initiated a separate adversary proceeding (No. 05-01015) seeking a determination of the nature, extent, and validity of VFCU's asserted liens and interests, for avoidance of VFCU's line under 11 U.S.C. § 544, for avoidance of a post-petition transfer under 11 U.S.C. § 549, and for turnover of the Truck. The Trustee served the complaint in that adversary proceeding on March 30, 2005

2

The Court finds that there are no material facts in dispute as to the issue of VFCU's secured status.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

## DISCUSSION

**A.    The Nature of VFCU's asserted Lien.**

The Defendants assert that as of the Petition Date, VFCU did not have a perfected security interest in the Truck and thus, VFCU's claim is properly categorized as unsecured. While VFCU's argument is less straightforward, VFCU appears to argue that because the title was released to the Defendants in error, VFCU still held a perfected security interest in the Truck as of the Petition Date. However, under Vermont law, the intent of the lienholder is irrelevant.

The Vermont Motor Vehicle Certificate of Title and Anti-Theft Act (the "Act") sets forth the procedure for perfecting a security interest in a motor vehicle:

> (a) Unless excepted by section 2041 [not applicable here], a security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this subchapter.
>
> (b) A security interest is perfected by the *delivery* to the commissioner of the existing certificate of title, if any, an *application for a certificate of title containing the name and address of the lienholder and the date of his security agreement* and the required fee. It is perfected as of the time of its creation if *delivery* is completed within twenty days thereafter, otherwise as of the time of the *delivery*.

3

23 V.S.A. § 2042(a) and (b) (emphasis added). The Act expressly states that compliance with § 2042 is the exclusive means of perfecting a security interest in a motor vehicle:

> The method provided in this subchapter of perfecting and giving notice of security interests subject to this subchapter is exclusive….

In re Farnham, 57 B.R. 241, 244-45 (Bankr. D. Vt. 1986) (Conrad, J.). Moreover, this statute provides that when a security interest is released, the lienholder shall "mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate." 23 V.S.A. § 2045.

It is undisputed that VFCU released its security interest in the Truck on April 14, 2003 when it forwarded the certificate of title to the Defendants with a signature releasing the first lien on the Truck. Thus, under Vermont law, VFCU's security interest in the Truck was not perfected as of the Petition Date. Accordingly, the Defendants' classification of the VFCU claim as unsecured is correct and the Defendants are entitled to judgment as a matter of law on this issue.[4] For the same reasons, VFCU's motion for summary judgment is denied.

### B.    Whether VFCU's Conduct Violated the Automatic Stay.

The filing of a bankruptcy petition creates an automatic stay against various types of activities by creditors, including *any act* to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the bankruptcy case. § 362(a)(5)[emphasis added]. The protections of the stay are automatic and mandatory with the filing of the bankruptcy petition. Enron v. People of the State of California, et al. (In re Enron), 314 B.R. 524, 533 (Bankr. S.D.N.Y. 2004). It is undisputed that VFCU had released its lien prior to the Petition Date and that it took steps to perfect its security interest by filing an application for a duplicate title after the Petition Date. Under the plain language of the Bankruptcy Code, VFCU violated the automatic stay when it proceeded to perfect its lien against the Defendants' vehicle post-petition. Therefore, the new title issued as a result of this post-petition request is void. In re Stockwell, 262 B.R. 275, 280 (Bankr. D. Vt. 2001) (actions taken in violation of automatic stay are generally void *ab initio*).

### C.    Whether VFCU's Violation was "Wilful"

The Defendants request sanctions against VFCU, contending that VFCU's application for a duplicate title after the Petition Date, and without leave of court, constituted a wilful violation of the automatic stay. The Bankruptcy Code provides that an individual injured by a wilful violation of the stay

---

[4] Further, any actions by VFCU after the Petition Date do not change the status of VFCU's claim. In the Second Circuit, actions which violate the automatic stay are void and without effect. Eastern Refractories Co., Inc. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir.1998); In re Colonial Realty Co., 980 F.2d 125, 137 (2d Cir.1992); In re 48th Street Steakhouse, Inc., 835 F.2d 427, 431 (2d Cir.1987), cert. denied, 485 U.S. 1035 (1988); see also, Govola v. Murphy (In re Govola), 306 B.R. 733, 736-37 (Bankr. D. Conn. 2004). VFCU's post-petition perfection is without effect.

4

"shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." § 362(h).

In the Second Circuit, "if a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of damages." Ford Motor Credit Co. v. Florio (In re Florio), 229 B.R. 606, 608 (S.D.N.Y.1999). Damages for wilful violation of the automatic stay will lie if "a person takes a deliberate act ... in violation of a stay, which the violator knows to be in existence ... [s]uch an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed general intent in taking actions which have the effect of violating the automatic stay the intent required by § 362(h) is satisfied." Sucre v. MIC Leasing Corp. (In re Sucre), 226 B.R. 340, 349 (Bankr.S.D.N.Y.1998). The Defendants listed VFCU on their schedules, and the Bankruptcy Noticing Center filed a certificate of service showing service on VFCU. This creates a presumption that VFCU received notice of the Defendants' bankruptcy filing. See generally, In re Dominguez, 312 B.R. 499, 508 (Bankr. S.D.N.Y. 2004). VFCU does not deny that it received notice of the Defendants' bankruptcy filing. Under these facts, the Court finds damages are appropriate.

The Defendants have requested nominal damages in the amount of $10 for a cloud on title and attorney's fees incurred in the litigation in the amount of $1,262.50, under § 362(h). The party seeking damages pursuant to § 362(h) has the burden of proving what damages were incurred and what relief is appropriate. In re Sucre, 226 B.R. at 349. The Defendants have submitted an affidavit in support of their request for attorney's fees for 10.1 billable hours at an hourly rate of $125. VFCU has neither controverted this evidence nor argued that actual damages are improper under the circumstances. The Court finds that in light of the deliberate violation of stay and the reasonableness of the attorney's fees sought that the Defendants are entitled to an award of $1,262.50 in attorney's fees. The Court orders VFCU to pay to the Defendants $1,262.50 for attorney's fees incurred in defending the instant adversary proceeding. The Court will address the question of whether the Defendants are entitled to nominal damages at all in light of the Court's determination that the title that creates the "cloud" is void at an evidentiary hearing set by an order issued herewith.

The Defendants also request punitive damages, alleging that VFCU engaged in fraud by representing to the State of Vermont that the original title was "lost" when in fact VFCU had erroneously released its lien and forwarded the title to the Defendants. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the imposition of punitive damages. Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990). VFCU admits that it filed a form entitled "Affidavit of Loss of Certificate of Title and Application for Duplicate" with the State of Vermont, indicating the title to the Truck had been "lost" only because "lost" was the best option on the form which reflected "the fact pattern" of this case. See Affidavit of

5

Michael Monette, ¶ 6. The form admonishes the signer that the application is subject to the penalties of 23 V.S.A. §§ 202 and 3829(4) which impose fines and penalties for any misrepresentations. VFCU nonetheless filed the affidavit for a duplicate title alleging it lost the title when in fact it had actually voluntarily, albeit erroneously, released the title. This conduct may warrant the imposition of punitive damages. However, the summary judgment record does not establish that VFCU acted in bad faith or with the requisite malice. Accordingly, the Court declines to grant summary judgment on the issue of punitive damages and will consider further evidence before ruling on this issue.

### CONCLUSION

Based upon the foregoing, the Court finds, first, that VFCU's security interest in the Truck was unperfected as of the Petition Date and therefore, VFCU's claim arising from the Truck loan is properly categorized as unsecured in this case; second, that the actions VFCU took to perfect its security interest post-petition constitute a violation of the automatic stay and are void as a matter of law; and third, that VFCU's actions to perfect its lien post-petition were deliberate and warrant an award of actual damages in the amount of $1,262.50. The Plaintiff has presented no persuasive argument to support a determination that its claim is secured, that its debt should be excepted from discharge or that it is entitled to attorney's fees.

Therefore, the Court denies the Plaintiff's motion for summary judgment and grants the Defendants' motion for summary judgment.[5]

This constitutes the Court's findings of fact and conclusions of law. The Court shall enter a separate order scheduling a final pre-trial conference and setting a hearing date on the issues of whether nominal damages are warranted under the circumstances and whether the Plaintiff's conduct warrants the imposition of punitive damages.

**SO ORDERED.**

April 29, 2005  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[5] As noted above, notwithstanding the caption of VFCU's Complaint referring to the dischargeability of the VFCU Truck loan debt, the Court is treating the complaint as a request for declaratory judgment on VFCU's secured status. It is the Court's intention that this Memorandum of Decision and related orders resolve all outstanding issues in the Complaint, the Answer, and the cross-motions for summary judgment, except to the extent they have been specifically preserved for the evidentiary hearing.